# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RAMON HERNANDEZ-PACHECO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 10-5068-CV-SW-RED |
| | ) | Crim No. 06-5037–02-CR-SW-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court are Movant Ramon Hernandez-Pacheco's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Court (Doc. 1) and his Motion for Production of Court File (Doc. 3).

## BACKGROUND

Movant Ramon Hernandez-Pacheco ("Hernandez-Pacheco") was indicted for conspiracy to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and for possession with the intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The case proceeded to a jury trial and the jury found Hernandez-Pacheco guilty of the conspiracy count and not guilty for possession with the intent to distribute. Hernandez-Pacheco was sentenced to 151 months imprisonment followed by five years of supervised release. He appealed his conviction, arguing there was insufficient evidence to support his conviction, the Court erred in denying his

motion to suppress and the Court erred in denying his request to reduce his offense level pursuant to U.S.S.G §§ 3B1.2 and 2D1.1(a)(3). His appeal was denied.

Now Hernandez-Pacheco has timely filed his 28 U.S.C. § 2255 Motion whereby he alleges that he received ineffective assistance of counsel during the criminal trial. Specifically, Hernandez-Pacheco argues that his counsel was constitutionally deficient by not interviewing three witnesses prior to trial, for failing to hire an expert to examine the seized methamphetamine for fingerprints and by not adequately preparing him to testify at trial. Hernandez-Pacheco has also filed a Motion for Production of Court File, and requests the Court grant him additional discovery aside from the Motion for Production of Court File, appoint him counsel, and set this matter for an evidentiary hearing.

## DISCUSSION

Before addressing the merits of the § 2255 Motion, the Court will first address the multiple requests put forth by Hernandez-Pacheco. Hernandez-Pacheco's first request is for production of transcripts, the docket sheet, motions, memoranda, declarations and affidavits, exhibit lists and the indictments in his criminal case, which he requests in his Motion for Production of Court File. The Motion is the exact same motion Hernandez-Pacheco filed in his criminal case months before it was filed in this matter, and the Court granted that motion in part. The Court ordered all transcripts, the docket sheet, the indictment and pleadings relevant to Hernandez-Pacheco's Motion to Suppress be sent to him. The Court further directed that to receive additional pleadings, Hernandez-Pacheco must identify the pleading and explain how it is relevant. He has not done so in this case. Additionally, with respect to his request for

2

memoranda, as this is duplicative of his request for limited discovery, the Court will address this issue below. For these reasons, the Motion for Production of Court File is denied.

Hernandez-Pacheco also requests the Court allow for limited discovery in this matter so that he may receive "all internal memoranda, attorney notes and research material from his attorneys and their investigators, as they relate to the allegations made in his declaration" (Reply Doc. 16 p. 5). Specifically, Hernandez-Pacheco requests a court order directing the attorneys to turn over these items. This request is denied, as Hernandez-Pacheco has already requested these items from his attorneys and the attorneys' letters attached to the Motion for Production of Court File indicate that the attorneys have responded to his request. Notably, a letter from the Office of the Chief Disciplinary Counsel, dated July 21, 2010, and a letter from the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, dated July 27, 2010, which Hernandez-Pacheco also attached to his Motion for Production of Court File, note that all materials requested by Hernandez-Pacheco from his attorneys have either been provided to him or do not exist.

Hernandez-Pacheco also requests the Court appoint him counsel. The reasons he requests appointed counsel are: "he does not read, write or speak fluent English and the law library at FCI Sandstone does not provide any legal materials in Spanish" or employ Spanish speaking law clerks (Reply Doc. 16 p. 2), his attorneys have not provided him with requested materials, and he has stated sufficient allegations warranting an evidentiary hearing.

Hernandez-Pacheco does not have a right to appointed counsel in this matter; rather, the Court must determine whether counsel should be appointed based on certain factors. *See McCall*

*v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (listing factors used to determine whether counsel should be appointed in § 2254 case). The factors include the "factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The Court notes that he documents filed before the Court demonstrates that Hernandez-Pacheco is able to understand the legal issues and the important facts of the case. His Motions and Reply are clearly written and on point. Additionally, the specific issues he has raised are not overly complex and Hernandez-Pacheco's filings indicate he is aware of both prongs under the *Strickland* ineffective assistance of counsel test. Also worth noting is that appointed counsel could not assist Hernandez-Pacheco with his requested discovery, as the materials requested have either been provided to him or do not exist. Finally, as will be discussed below, the Court does not find an evidentiary hearing is warranted in this matter. As such, his request for the appointment of counsel is denied.

Lastly, Hernandez-Pacheco's request for an evidentiary hearing will be addressed along with the Court's discussion of the merits of the § 2255 Motion.

<u>Hernandez-Pacheco's ineffective assistance of counsel claims are without merit and may be denied without holding an evidentiary hearing.</u>

To prove ineffective assistance of counsel, Hernandez-Pacheco must show his counsel's "performance was deficient and that the deficiency prejudiced his defense." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Deficient performance is defined as

performance that "falls below the 'range of competence demanded of attorneys in criminal cases.' " *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Prejudice requires Hernandez-Pacheco "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447.  Finally, the Court need not always address both prongs under *Strickland* and may instead focus on the prong that disposes of the ineffective assistance of counsel claim.  *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (noting that it was unnecessary to address the performance prong under *Strickland* if the Court found that the defendant could not show prejudice).

Hernandez-Pacheco alleges, with respect to his first ineffective assistance of counsel allegation, that his trial counsel was deficient because he did not interview three witnesses, Rhonda Johnson, Jose Serrano-Rodriguez ("Rodriguez") and Immigration and Customs Enforcement Special Agent Greg Paris, prior to trial about his participation in the conspiracy and also about the "ownership custody, control [and] knowledge" of the drugs seized in his garage (§ 2255 Motion Doc. 1 p. 4).  Hernandez-Pacheco further alleges that these witnesses would testify that the drugs belonged to co-defendant Rodriguez and Hernandez-Pacheco had no knowledge of the drugs.  Finally, Hernandez-Pacheco alleges that the witnesses could testify that Rhonda Johnson (who did not testify at trial although she was listed as a possible witness) and Jose Serrano-Rodriguez received payment for their testimony.

Although Hernandez-Pacheco attaches his declaration to his § 2255 Motion, his claims of ineffective assistance of counsel are not adequately supported to establish prejudice.  The only

evidence supporting the claims is Hernandez-Pacheco's speculation as to what the witnesses would have said to his counsel had counsel interviewed the witnesses. Speculation, however, does not establish *Strickland* prejudice. *United States v. Vazquez-Garcia*, 211 F. App'x 544, 546 (8th Cir. 2007) (citing *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989)). Rather, other 'independent evidence' is necessary to prove *Strickland* prejudice. *Id*. As the record before the Court is absent of any other evidence showing that trial counsel's alleged deficient conduct prejudiced Hernandez-Pacheco's defense, his first ineffective assistance of counsel claim is without merit. Furthermore, Hernandez-Pacheco's claim does not warrant an evidentiary hearing because even if his allegations concerning his counsel's deficient performance are true, he cannot prove *Strickland* prejudice and furthermore, his speculation supporting the claims are inherently incredible and also largely contradicted by the trial record. *See Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (noting that an evidentiary hearing is unnecessary if " '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact' "). *See also Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1106 (8th Cir. 2011) (determining that an evidentiary hearing was unnecessary where the defendant could not prove *Strickland* prejudice).

Hernandez-Pacheco's second ineffective assistance of counsel claim is that his trial counsel was deficient by failing to have the methamphetamine found in Hernandez-Pacheco's garage tested for fingerprints. To successfully establish *Strickland* prejudice for counsel's failure to consult an expert witness, a movant must put forth evidence of what an expert would

have stated at trial. *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010). Hernandez-Pacheco has not offered any evidence concerning what an expert witness would have stated concerning a fingerprint analysis of the methamphetamine. Additionally, the Government offered testimony at trial admitting no identifiable fingerprints were found on the seized methamphetamine, which makes it difficult to contemplate how counsel's alleged failure to have the methamphetamine tested for fingerprints could create a reasonable probability that the outcome at trial would be different. As such, this ineffective assistance of counsel claim is without merit and for the same reasons noted above, an evidentiary hearing is not warranted. *See* discussion and cases cited *supra* p. 6.

Finally, Hernandez-Pacheco's last claim of ineffective assistance of counsel is that his trial counsel did not adequately prepare him for his testimony at trial. Specifically, Hernandez-Pacheco claims that his counsel did not discuss the relevant facts of the case with him or discuss whether a handwriting expert was retained "to test exemplars taken from the purported drug-ledger" (§ 2255 Motion Doc. 1 p. 5) that Hernandez-Pacheco claimed at trial was in fact a document reflecting his attempt to collect money to purchase a dance club. A review of Hernandez-Pacheco's testimony at trial shows that his counsel was not deficient in preparing him for trial. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (utilizing movant's trial testimony to refute claim that counsel was deficient in preparing petitioner for his testimony and also determining that district court did not err in refusing to hold an evidentiary hearing on the issue). The Government notes and the Court agrees that Hernandez-Pacheco's testimony "showed an understanding of the factual and legal issues that he faced in that he

attempted to either deny or explain away the important evidence against him" (Opposition Doc. 10 p. 11-12). Notably, on direct and cross-examination, Hernadez-Pacheco was able to explain how Rodriguez rented the garage from him and that he did not have access to the garage where the methamphetamine was stored, explain that what the Government claimed was a drug ledger was actually a document reflecting his attempt to raise money in order to purchase a dance club and explain that the reason a substantial amount of cash was found inside his house was that he sold numerous vehicles as a way to make extra money (in addition to producing and testifying about numerous bills of sale). Also worth noting is that all witnesses take an oath to tell the truth at trial and the Court fails to see how additional preparation could have assisted Hernandez-Pacheco in telling the truth at trial. Furthermore, Hernandez-Pacheco's allegation about hiring a handwriting expert to test the drug ledger is without merit, as the expertise of a handwriting expert would be an opinion as to the identity of the "writer" of the handwriting and not an opinion as to the meaning of the handwriting. The identity of the "writer" was not an issue as Hernandez-Pacheco admitted at trial that the handwriting was his but attempted to explain that the document was not a drug ledger. For these reasons, Hernandez-Pacheco's ineffective assistance of counsel claim is without merit as he has not shown how his counsel's performance was deficient. Moreover, this claim does not warrant an evidentiary hearing as it is clearly contradicted by the trial transcript. *See Sanders*, 341 F.3d at 722.

## CONCLUSION

For the reasons discussed above, the Motion for Production of Court File, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Court,

Hernandez-Pacheco's requests for the appoint of counsel, discovery and an evidentiary hearing are **DENIED**.

The Clerk of the Court is directed to mail a copy of this Order via first class mail to Hernandez-Pacheco at Ramon Hernandez-Pacheco, Reg. No. 19068-045, Sandstone Federal Correctional Institution P.O. Box 1000, Sandstone, MN 55072

**IT IS SO ORDERED.**

DATED: June 23, 2011      */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT